IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| DAVID E. KATES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:15-013412** |
| | ) | |
| LT. MARTIN, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

PROPOSED FINDINGS AND RECOMMENDATION

On September 23, 2015, Plaintiff, an inmate incarcerated at FCI McDowell, and acting *pro se*, filed his Complaint/Declarations claiming entitlement to relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document Nos. 1 and 2.) Plaintiff names the following as Defendants: (1) Lt. Martin; and (2) Tonya Norris. (Id.) Plaintiff first alleges that on September 18, 2015, Defendant Martin came to his cell to discuss the placement of a cellmate. (Document No. 1.) Plaintiff states that when he informed Defendant Martin that he was refusing a cellmate, Defendant Martin became "irate and started making statements aloud in front of other inmates 'you are a scared bitch, a rat & snitch. I should of let your old cellmate beat your ass.'" (Id.) Plaintiff alleges that Defendant Martin walked away and came back about 30 minutes later stating that "he would put me in shackles and chains if I didn't take a cellmate and once he got a call from his superiors for this process, that my ass would be his." (Id.) Plaintiff claims that these statements were unprofessional and put his "life in jeopardy at FCI McDowell by inmates." (Id.) Second, Plaintiff alleges that Defendant Norris "wrote up a 100%

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

false incident report that I made a sexual proposal to her" on September 18, 2015. (Document No. 2.) Plaintiff states that the false statement put his life in danger, defamed his character, and "tarnished his prison record and files." (Id.) Plaintiff appears to seek injunctive relief. (Id. and Document No. 3.)

On October 5, 2015, Plaintiff filed his Motion for Temporary Restraining Order and Preliminary Injunction." (Document No. 5.) Plaintiff alleges prison officials have taken "all of his legal work and personal property . . . in retaliation for refusing to take a cellmate." (Id.) Plaintiff alleges that prison officials have violated his constitutional rights by taking "his personal and legal property, i.e., legal books and papers, Bible, Quran, and other religious material." (Id.) Plaintiff further alleges that prison officials have violated his Eighth Amendment rights by taking away personal hygiene items and over-the-counter medications, such as aspirin and hydrocortisone cream. (Id.) Finally, Plaintiff alleges that Defendant Martin has filed a false incident report again him.[2] (Id.) Based upon the foregoing, Plaintiff requests the entry of a preliminary injunction or temporary restraining order. (Id.) As an Exhibit, Plaintiff attaches the following: (1) A copy of the Incident Report filed against him on September 25, 2015, charging him with "Refusing to Obey an Order." (Id., p. 4); and (2) A copy of Plaintiff's Declaration (Id., p. 5).

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is

_____

[2] Plaintiff attaches a copy of an Incident Report dated September 25, 2015, which was filed by K. Handley. (Document No. 5, p. 4.)

based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under

color of federal law.[3] The United States Supreme Court has held that an inmate may name a federal

officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional

violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271

(1991). However, Bivens claims are not actionable against the United States, federal agencies, or

public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114

S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reinbold

v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

1.      **Exhaustion:**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust

available administrative remedies prior to filing civil actions though the administrative process may

not afford them the relief they might obtain through civil proceedings.[4] Woodford v. Ngo, 548 U.S.

---

[3] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id*.

[4] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), aff'd, 54 Fed.Appx. 159 (4th Cir. 2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint

contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to
> be pleaded and proven by the defendant. That exhaustion is an affirmative defense,

however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

For Bivens purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." Dale v. Lappin, 376 F.3d at 655 (internal citations omitted); also see Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., §

542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

The record reveals that Plaintiff filed his Complaint without first fully exhausting his administrative remedies. Plaintiff complains of incidences that occurred on September 18, 2015. (Document Nos. 1 and 2.) Less than a week later, Plaintiff initiated this action on September 23, 2015. Title 28 C.F.R. § 542.14(d) provides that within 20 days after the circumstances occurred that are the subject of the inmate's complaints, the inmate must complete and submit his Administrative Remedy Request on a BP-9 form. Prior to the expiration of this 20 day period, Plaintiff prepared and filed his Complaint with this Court. (Document Nos. 1 and 2.) Plaintiff alleges that the incidents occurred on September 18, 2015, and Plaintiff signed his Complaint on September 20, 2015. Thus, Plaintiff prepared and signed his Complaint approximately two days after the occurrence of the alleged incidents. There is no evidence or allegation that prison officials refused to provide Plaintiff with the necessary grievance forms. Plaintiff, therefore, filed his Complaint prior to submitting his claims properly through the BOP's administrative remedy process. Because Plaintiff failed to properly exhaust administrative remedies with respect to his claims in this matter, the undersigned concludes, and hereby respectfully recommends, that this matter should be dismissed.

Notwithstanding Plaintiff's failure to exhaust, the undersigned will briefly consider the merits of his claims.

**2.       Eighth Amendment:**

The undersigned views Plaintiff's Complaint as setting forth a claim under the Eighth Amendment. As a general matter, punishments prohibited under the Eighth Amendment include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v. Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety). To establish a violation of the Eighth Amendment in the context of a

challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.")

### a.    Failure to Protect.

Plaintiff contends that Defendant Martin violated his constitutional rights by referring to Plaintiff as " a scared bitch" and "a rat & snitch." (Document No. 1.) Plaintiff also alleges that Defendant Norris violated his constitutional rights by filing a false Incident Report accusing Plaintiff of making sexual advances towards her. Assuming Plaintiff's allegations as true, Plaintiff has failed to state a constitutional claim of failure to protect. In order to establish a claim of failure to protect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that the prison officials acted with "'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834, 114 S.Ct. at 1977. First, Plaintiff fails to allege that he was incarcerated under conditions imposing a substantial risk of serious harm. Plaintiff does not claim that he was

assaulted or that his life was threatened by other inmates because of Defendants' statements. Plaintiff conclusory statement that he "life was placed in jeopardy" is insufficient. Second, Plaintiff fails to allege facts sufficient to satisfy the subjective component of deliberate indifference. To satisfy the subjective component, Plaintiff must allege that each Defendant was consciousness of the risk of harm to him. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. Plaintiff, however, fails to allege that each Defendant knew of and disregarded an excessive risk to his health or safety. Furthermore, Plaintiff does not indicate that he suffered any serious injury as a result of Defendant Norris' Incident Report or Defendant Martin's alleged reference to Plaintiff as a "scared bitch" and "a rat & snitch." Plaintiff's claim that Defendants should be liable due to the possibility that Defendant Norris' Incident Report and Defendant Martin's references could have resulted in Plaintiff's life being threaten by other inmates is insufficient. See Henslee v. Lewis, 153 Fed. Appx. 178 (4th Cir. 2005)(Inmate did not state a cognizable claim under Section 1983 when he alleged that jail employee incited other inmates to attack him, but did not contend that any such attack occurred.); Langston v. Fleming, 38 F.3d 1213 (4th Cir. 1994)(*unpublished opinion*)(Prisoner failed to state a claim where he merely alleged that guards endangered his life by informing other inmates that he was charged with rape). Finally, the verbal harassment or abuse of an inmate by prison guards, without more, is insufficient to state a constitutional deprivation. Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987); also see Lindsey v. O'Connor, 2009 WL 1316087, at * 1 (3rd Cir. (Pa.))(holding that "[v]erbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment"); Purcell v. Coughlin, 790 F.2d 263, 265 (2nd Cir. 1986)(stating that name-calling does not rise to the level of a constitutional violation); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(finding that a sheriff's threats to hang a prisoner were insufficient to state a constitutional deprivation). Based on the foregoing, the undersigned finds that Plaintiff has failed to state a cognizable claim under the Eighth

Amendment for which relief can be granted.

### b.      Over-the-Counter Medication.

Next, Plaintiff alleges that prison officials violated his constitutional rights by taking away his over-the-counter medications, such as aspirin and hydrocortisone cream. The allegations contained in Plaintiff's Complaints/Declarations do not present a claim of constitutional magnitude. The undersigned finds that Plaintiff's general allegation that prison officials "took away" his over-the-counter medication is insufficient to state a claim under the Eighth Amendment. Although inmates are clearly entitled to reasonable medical care, an inmate must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs" to establish a claim under the Eight Amendment. Estelle, 429 U.S. at 105, 97 S.Ct. at 286. The undersigned first finds that under an objective standard, Plaintiff fails to allege a "sufficiently serious" deprivation of medical care resulting in a "serious or significant physical or mental injury." Plaintiff does not allege that the over-the-counter medications were necessary to treat a specific condition. Additionally, Plaintiff does not allege that he is at risk of death or permanent disability, or is suffering continuous severe pain due to the lack of medical treatment. Second, Plaintiff fails to allege facts sufficient to satisfy the subjective component of deliberate indifference. To satisfy the subjective component, Plaintiff must allege each Defendant's consciousness of the risk of harm to him. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. Plaintiff, however, fails to allege that Defendants knew of and disregarded an excessive risk to his health or safety. Plaintiff does not assert that he requested "sick call" or sought medical treatment. Further, there is no indication in Plaintiff's Complaints/Declarations that Defendants were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, or that Defendants drew that inference. Accordingly, the undersigned finds that Plaintiff's allegations cannot be construed to implicate a

constitutional right for the violation of which relief can be granted.

### 3.      No Due Process Violation:

To determine whether an inmate retains a certain liberty interest, the Court must look to the

nature of the claimed interest and determine whether the Due Process Clause applies. See Board of

Regents v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate

holds a protectable right in those interests to which he has a legitimate claim of entitlement.

Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60

L.Ed.2d 668 (1979)(quoting Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston, the Fourth Circuit

determined that an inmate possesses a claim of entitlement in those interests "which were not taken

away expressly or by implication, in the original sentence to confinement." Id. at 343. The Supreme

Court held in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), that in order

to show the deprivation of a liberty interest protected by the Due Process Clause, an inmate must

show either that: (1) the conditions exceed the sentence imposed in such an unexpected manner as

to give rise to protection by the Due Process Clause or (2) the confinement creates an atypical or

significant hardship in relation to the ordinary incidents of prison life. Id., 515 U.S. at 484, 115 S.Ct.

at 2300 (citations omitted). Absent allegations indicating that there has been a restraint upon the

inmate's freedom which imposes "an atypical and significant hardship on the inmate in relation to

the ordinary incidents of prison life," the inmate's claims have no merit. Id.

To the extent Plaintiff alleges a liberty interest in retaining the privilege to possess certain

items within his cell, the undersigned finds that Plaintiff's claim is without merit. The denial of

privileges are matters clearly contemplated by Plaintiff's original sentence. See Gaston, 946 F.2d at

343 (To safely and efficiently run the prison, prison officials maintain broad discretion over an

inmate's "location, variations of daily routines, changes in conditions of confinement (including

administrative segregation), and the denial of privileges"); Hatch v. District of Columbia, 184 F.3d. 846, 855 (D.C. Cir. 1999)(stating that "the transfer of an inmate to less amenable and more restrictive quarter for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence"); and Gholson v. Murry, 953 F. Supp. 709, 716 (E.D.Va. 1997)(finding that the denial of work opportunities and certain education programs did not impose an atypical and significant hardship on inmates placed in segregation in relation to the ordinary incidents of prison life). The denial of privileges and confinement in segregation are matters clearly contemplated by Plaintiff's original sentence.[5] Furthermore, Plaintiff does not allege that he has been injured as a result of being denied possession of certain personal items. Although Plaintiff alleges that he has been prohibited from possessing personal and hygiene items, Plaintiff does not claim that he has been denied complete access to such items. Accordingly, to the extent that Plaintiff is claiming his liberty interest in retaining privileges was violated, the undersigned finds that Plaintiff's claim is without merit.

4.      **Prison Discipline Has Not Been Vitiated:**

Plaintiff appears to allege that his constitutional rights were violated because he was improperly charged during prison disciplinary proceedings of making a sexual advancements towards Defendant Norris and for refusing to obey an order of Correctional Officer K. Handley. In Heck v. Humphrey, 512 U.S.477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under 42 U.S.C. § 1983.

In order to recover damages for allegedly unconstitutional conviction or

_____

[5]  The record reveals that Plaintiff is assigned to the Special Housing Unit. (Document No. 5, p. 4.)

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487, 114 S.Ct. at 2372-73; see also Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions).

The Supreme Court applied the Heck rule to prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, challenges to prison hearing procedures which necessarily imply the invalidity of the judgment must be pursued in *habeas corpus*, not in a Section 1983 action. In Balisok, the inmate alleged that he was denied the opportunity to put on a defense due to the deceit and bias of the hearing officer. The Court held "that [Balisok's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Edwards, 520 U.S. at 648, 117 S.Ct. at 1589. Accordingly, the undersigned proposes that the District Court find (1) that Plaintiff alleges that he was improperly charged during a prison disciplinary hearing, (2) that his contentions would imply the invalidity of the disciplinary hearings and the review and appeal process, (3) that there has been no invalidation of the disciplinary hearing,

and (4) that his claim is therefore barred.[6]

## 5.     Defamation:

Plaintiff alleges that Defendants defamed his character.  Bivens action is a judicially created

damages remedy which is designed to vindicate violations of constitutional rights by federal actors.

Thus, Bivens does not provide a remedy for violations of rights arising under State law. The

undersigned finds that Plaintiff's claim that Defendants defamed his character fails to allege a

violation of a federally protected right. See Siegert v. Gilley, 500 U.S. 226, 233, 111 S.Ct. 1789,

1794, 114 L.Ed.2d 277 (1991)("Defamation, by itself, is a tort actionable under the laws of most

states, but not a constitutional deprivation."); Paul v. Davis, 424 U.S. 693, 712, 96 S.Ct. 1155, 1165 -

66, 47 L.Ed.2d 405 (1976)(finding that "any harm or injury to [Plaintiff's interest in his reputation],

even where as here inflicted by an officer of the State, does not result in a deprivation of any 'liberty'

or 'property' recognized by state or federal law"); Saunders v. Dickerson, 2008 WL 2543428 *2

(E.D.Va. Jun. 25, 2008)(stating that "[p]laintiff's reputation is protected through state tort law, and

a mere allegation of damage to one's reputation and character fails to implicate any liberty or

property interests protected by the Constitution"); Sterne v. Thompson, 2005 WL 2563179 at *4

(E.D.Va.)("It is well established that a defamatory statement and a concomitant injury to reputation,

---

[6] The undersigned further notes that prisoner disciplinary proceedings are not part of criminal prosecution. Thus, the full panoply of rights due a defendant in criminal proceedings do not apply in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)("there must be mutual accommodation between institutional needs and objective and the provisions of the Constitution"). Inmates, however, are entitled to the following procedural safeguards during disciplinary hearings: (1) advance written notice to the inmate of the claimed violation; (2) an opportunity for the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action. *Id.*, at 563 - 66. If Plaintiff believes he was denied any of the above procedural safeguards, Plaintiff should file an Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.

by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment."); Miller v.

Jack, 2007 WL 2050409 (N.D.W.Va. Jul. 12, 2007)(finding that "damages for defamation are not

recoverable under § 1983 because a defamed person has not been deprived of any right, privilege,

or immunity secured to him by the Constitution or the laws of the United States"). Thus, it appears

that Plaintiff is merely alleging a defamation claim under West Virginia law. Viewing Plaintiff's

claim against Defendants as constituting a tort claim of defamation under West Virginia law, the

District Court cannot consider it under its supplemental jurisdiction because, as the undersigned finds

herein, Plaintiff has failed to state any other claim for which relief can be granted over which the

District Court has original jurisdiction. Accordingly, Plaintiff's above claim should be dismissed

because he has failed to state a claim upon which relief can be granted.

**6.      Motion for Temporary Restraining Order and a Preliminary Injunction:**

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under

which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the
> adverse party or that party's attorney only if (1) it clearly appears from specific facts
> shown by affidavit or by the verified complaint that immediate and irreparable injury,
> loss, or damage will result to the applicant before the adverse party or that party's
> attorney can be heard in opposition, and (2) the applicant's attorney certifies to the
> court in writing the efforts, if any, which have been made to give the notice and the
> reasons supporting the claim that notice should not be required.

The Fourth Circuit explained the different functions of temporary restraining orders and preliminary

injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir.

1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the
> merits, a temporary restraining order is intended to preserve the status quo only until
> a preliminary injunction hearing can be held: '[U]nder federal law [temporary
> restraining orders] should be restricted to serving their underlying purpose of
> preserving the status quo and preventing irreparable harm just so long as is necessary

to hold a hearing, and no longer.' <u>Granny Goose</u>, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008).

Based upon the foregoing, the undersigned has recommended that Plaintiff's Complaints/Declarations be dismissed. Accordingly, the undersigned finds that Plaintiff's request for injunctive relief should be denied as he cannot establish that he is likely to succeed on the merits.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction." (Document No. 5), **DISMISS** Plaintiff's Complaints/Declarations (Document Nos. 1 and 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 13, 2015.

R. Clarke VanDervort
United States Magistrate Judge